◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK B. RYDER, Appellant. [635 NYS2d 285] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered June 28, 1993, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the defendant's sentence; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing.

The record indicates that, with respect to the crime of assault in the second degree, the County Court charged the jury pursuant to Penal Law § 120.05 (4) ("[a] person is guilty of assault in the second degree when * * * [h]e *recklessly causes serious physical injury* to another person by means of a deadly weapon or a dangerous instrument" [emphasis added]), and the jury convicted the defendant of that crime. However, in an order dated June 28, 1993, denying the defendant's motion to set aside the verdict and again at sentencing, the County Court mistakenly stated that the defendant had been convicted of assault in the second degree pursuant to Penal Law § 120.05 (2) ("[a] person is guilty of assault in the second degree when * * * *[w]ith intent to cause physical injury to another person*, he causes such injury to such person * * * by means of a deadly weapon or a dangerous instrument" [emphasis added]). Since it

is not clear from the record whether the County Court's mistake (*see, People v Torres*, 145 AD2d 665, 666) affected the defendant's sentence, the sentence is vacated and the matter is remitted to the County Court, Suffolk County, for resentencing.

The defendant's contentions with respect to the underlying judgment of conviction are without merit. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.